```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
ANDRES ALVARADO,                        :    15cv7247 (DLC)
                                        :
                    Plaintiff,          :    MEMORANDUM OPINION
            -v-                         :        AND ORDER
                                        :
UNITED STATES OF AMERICA,               :
                                        :
                    Defendant.          :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On August 28, 2015, Andres Alvarado ("Alvarado") filed a motion for the return of a vehicle and cash seized from him on or about March 17, 2012. For the following reasons, the motion is denied.

## Background

Alvarado was arrested by officers of the New York Police Department ("NYPD") on or about March 17, 2012, while driving a 2001 Chrysler Concord. According to Alvarado, the car belonged to his fiancée Elisa Ortiz ("Ortiz"). In addition to seizing the car, the NYPD seized a loaded gun, drugs, $12,827 in cash, and other personal items from Alvarado. According to Alvarado, the cash was also owned by Ortiz and was not involved in the illegal purchase or sale of narcotics.

On July 17, Alvarado was indicted in the Southern District of New York. On October 19, he pleaded guilty to possession of

marijuana with intent to distribute and possession of a firearm by a felon.  On February 13, 2013, he was sentenced principally to 70 months' imprisonment.

The NYPD administratively forfeited the seized cash in March of 2012 and the funds were deposited by the NYPD.  The car was administratively forfeited by the NYPD in March of 2012 and sold at an auction on March 27, 2015.  Thus, the Government is no longer in possession of the property at issue.

On August 28, 2015, Alvarado filed this motion for return of seized property, seeking to recover both the car and the cash.  On October 16, the Government filed its opposition, attaching property vouchers from the NYPD recording the disposition of the property seized from the defendant in 2012.  It explains that it has no obligation to return property not in its possession, and that it consents to the release of any items of personal property that the NYPD retains, other than guns, drugs, or "arrest-related property" to which Alvarado is not entitled.  In his reply of December 1, the defendant complains that Ortiz was not given the notice to which she was entitled as the rightful owner before the car and cash were forfeited. Alvarado also requests assistance in retrieving any remaining personal items.

**Discussion**

Rule 41(g) of the Federal Rules of Criminal Procedure permits a person "aggrieved . . . by the deprivation of property [to] move for the property's return."  Fed. R. Crim. P. 41(g). An order providing relief under Rule 41(g) is an equitable remedy and "is available only when . . . the equities favor the exercise of jurisdiction."  United States v. Zaleski, 686 F.3d 90, 92 (2d Cir. 2012) (citation omitted).  Jurisdiction under Rule 41(g) "is to be exercised with great restraint and caution since it rests upon the court's supervisory power over the actions of federal law enforcement officials."  De Almeida v. United States, 459 F.3d 377, 382 (2d Cir. 2006) (citation omitted).

Relief under Rule 41(g) is not available when the Government is no longer in possession of the property because Rule 41(g) does not waive the Government's sovereign immunity, and thus does not authorize an award of money damages in lieu of return of the property.  Adeleke v. United States, 355 F.3d 144, 151 (2d Cir. 2004) (holding that courts lack jurisdiction "to order the United States to pay money damages when, for whatever reason, property is not available for Rule 41(g) return."). Because the NYPD is no longer in possession of the vehicle or the cash, Alvarado cannot obtain relief under Rule 41(g).

3

Even if the NYPD were in possession of the property, Alvarado admits that the vehicle and cash belonged to his fiancée, Ortiz.  Alvarado is therefore not the "person aggrieved . . . by the deprivation of property."  Fed. R. Crim. P. 41(g); see also United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005) (holding that claimant must show a possessory interest in the seized property).

The Government has consented to the return of Alvarado's miscellaneous personal items listed in invoice 2000082132, to the extent they are still in the Government's possession.  Alvarado has requested the address where he may retrieve those items.

## Conclusion

Alvarado's motion for the return of property under Rule 41(g) is denied.  The Government shall notify Alvarado of the address where he may retrieve his personal items listed in invoice 2000082132, to the extent the items are still in the Government's possession.  The Clerk of Court shall close this action.

Dated:    New York, New York
          January 21, 2016

                              _____
                                      DENISE COTE
                              United States District Judge